IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

FILED
2008 MAY 30 AM 10: 47
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| ELLEN M. WILLSON, | ) CASE NO. |
| Plaintiff, | ) |
| vs. | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Aetna Life Insurance Company ("ALIC"), pursuant to 28 U.S.C. § 1441(a), files this Notice of Removal, removing this action from The Circuit Court for Lawrence County Tennessee at Lawrenceburg to this Court.

1.  On April 23, 2008, Ellen M. Willson filed a complaint styled *Ellen M. Willson v Aetna Life Insurance Company* in the Circuit Court for Lawrence County Tennessee at Lawrenceburg, Case No. CC-2159-08 (the "State Action").

2.  The summons and complaint were served on the Tennessee Department of Commerce and Insurance (the "Department") on May 1, 2008 and mailed to ALIC's registered agent, CT Corporation System, on May 2, 2008 along with a transmittal letter providing notice of the service of process ("Notice").

3.  No other process, pleadings or papers have been served in the State Action. Copies of the summons, complaint and Notice are attached as **Exhibit 1** to this Notice of Removal as required by 28 U.S.C. § 1446(a).

4.  Removal by ALIC is pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since

{215107 0041/A0231973_1}

ALIC received a copy of the summons and complaint by service. *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

5. In her complaint, Plaintiff seeks, *inter alia,* damages in the form of disability benefits from ALIC under a Group Long Term Disability ("LTD") Policy issued by ALIC to Plaintiff's employer, Corrections Corporation of America ("CCA"), Group Control Number 811709 (the "Policy"). The Summary of Coverage for the Policy is attached as **Exhibit 2**.

6. The Policy was part of CCA's employee welfare benefit plan (the "Plan") and provided for the payment of disability benefits to eligible participants in the Plan, such as Plaintiff. CCA is the Plan Administrator. *Id.* p. 9.

7. ALIC seeks removal of this action based on federal question jurisdiction.

## FEDERAL QUESTION - ERISA

8. Because this action involves a claim, *inter alia,* to recover disability benefits by a participant in an employee welfare benefit plan, it is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). Under ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

9. Under the United States Supreme Court decisions in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), the allegations in the complaint are sufficient to bring this case within the provisions of ERISA, which provides the exclusive remedy for actions within its scope and preempts all other remedies. *See also* 29 U.S.C. § 1144.

10. The District Courts of the United States have concurrent original jurisdiction over, and federal law under ERISA controls, actions brought to recover benefits and to enforce rights

under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); *Pilot Life*, 481 U.S. at 41. Removal of such cases to federal court is, therefore, proper. *Metropolitan Life*, 481 U.S. at 58.

11. ERISA's preemptive power is so strong that all claims that relate to employee welfare benefit plans are automatically recharacterized as federal in nature and are, therefore, removable to United States District Court. *Id.* In this regard, the Supreme Court decision in *Metropolitan Life* specifically abrogated, in ERISA cases, the principle that, in determining removal jurisdiction, the Court will consider only a plaintiff's well-pled complaint. *Id.*; *accord Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329-30 (11th Cir. 1998). Here, because the complaint establishes that Plaintiff's claim, at the very least, "relates" to an ERISA plan, removal to this Court is proper.

## CONCLUSION

ALIC asks that this matter be removed from the Circuit Court for Lawrence County Tennessee at Lawrenceburg to this Court for adjudication, subject to all defenses ALIC may assert, and that this Court accept subject matter over this action.

Respectfully submitted, this 29 day of May, 2008

EVERETT L. HIXSON JR., Esq.
BPR#012116

ADORNO & YOSS
One Park Place, Suite 380
6148 Lee Highway
Chatttanooga, TN 37421
Telephone: (423) 296-1881
Facsimile: (423) 296-1882


GLEN D. RUBIN, Esq.
BPR#025823

ADORNO & YOSS, LLC
1349 West Peachtree Street N.E., Suite 1500

Atlanta, GA 30309
Telephone: (404) 347-8300
Facsimile: (404) 347-8395
Attorneys for Defendant Aetna Life
Insurance Company

## CERTIFICATE OF SERVICE

I certify that on May 29, 2008, a true and correct copy of the foregoing Notice of Removal was served by U.S. mail on all counsel or parties of record on the service list.

*[signature]*

## SERVICE LIST

### CASE NO. _____

Charles M. Duke, BPR # 23607
Taylor, Pigue, Marchetti & Minilli
2908 Poston Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3225
Facsimile: (615) 320-3244

{215107.0041/A0231973_1}